GARY M. RESTAINO
United States Attorney
District of Arizona
CHRISTINE D. KELLER
Illinois State Bar No. 6281316
Email: Christine.Keller@usdoj.gov
WILLIAM G. VOIT
Arizona State Bar No. 025808
Email: William.Voit@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States America, | No. CR 21-02308-TUC-DLR |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Ted Earl Severeid, III | |
| Defendant. | |

The United States of America, by and through undersigned counsel, hereby provides its Sentencing Memorandum and requests that this Court sentence Defendant to 41 months' imprisonment, consecutive to all other criminal sentences, followed by three years of supervised release.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      BRIEF INTRODUCTION AND OPERATIVE FACTS**

On September 14, 2021, a federal grand jury returned a two-count indictment charging Defendant with threatening to assault a United States Judge and for mailing threatening communications. [Dkt. #1.] Defendant threatened the victim, a United States District Judge, who had previously sentenced Defendant for assaulting a correctional officer.

On September 14, 2022, Defendant pleaded guilty to threatening to assault a United States Judge. [Dkt. #20.] The parties stipulated to a sentence within the guidelines range, but made no agreements as to whether the sentence would be run consecutive or concurrent to any other sentences of imprisonment. [Dkt. #30.] Notably, Defendant has nearly five years remaining on his 25-year Iowa prison sentence for sexually assaulting one female staff member at a detention facility and biting another, a consecutive sentence for striking an inmate with a hammer while imprisoned in Iowa, and a 36-month consecutive federal sentence for assaulting a federal officer. [Dkt. 34 at ¶¶ 25, 27-28.]

## II.   SENTENCING RECOMMENDATION

The U.S.S.G. are effectively advisory, and as such, a sentencing court may impose whatever sentence it deems "reasonable" in light of the factors outlined in Title 18 U.S.C. § 3553(a).  *United States v. Carty*, 520 F.3d 984, 994 (citing *United States v. Rita*, 127 S.Ct. 2456, 2459 (2007)).  When sentencing the defendant, this Court must consider all of the factors stated in § 3553, which include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed:
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Carty*, 520 F.3d. at 991 (citing 18 U.S.C. § 3553(a) and (a)(2)).  Sentencing proceedings, however, should begin with a determination of the applicable guideline range, proceed to a consideration of the § 3553(a) factors and "an individualized determination based on the facts," and end with a sentencing explanation sufficient to allow meaningful appellate review.  *Id.*  The Ninth Circuit has specifically declined to "embrace a presumption" that a

within guideline range is reasonable; it has, however, gone as far as to find that a Guidelines sentence "will usually be reasonable." *Id.* (citations omitted).

A mid-range sentence, consecutive to all other sentences, is sufficient but not greater than necessary to satisfy the statutory purposes of sentencing. Defendant committed the instant offense as the latest in a long history of violent, terrorizing behavior. The defense argues that a consecutive sentence is unnecessary because "specific deterrence is inapplicable, as Severeid's criminal history took place in prison." [Dkt. #35 at p. 3.] Defendant's history certainly suggests that he is impossible to deter. Instead, he remains committed to inflicting violence on anyone who crosses his path, caring not whether these egregious acts occur within the community or the under the supervision of the penal system. While in various forms of custody, Defendant has raped a female employee at a detention center, bitten others, left an inmate lying unconscious in his own blood after beating him with a hammer, masturbated in front of staff members, threatened sexual violence and bodily harm, possessed a dangerous weapon, and assaulted additional inmates. Unable to gain physical access to the victim in the instant matter, Defendant resorted to the only available means—putting pen to paper and explicitly threatening to commit heinous acts of sexual violence once he was finally released from custody.

No, deterrence alone is not a sufficient basis for a consecutive sentence, as nearly a lifetime of confinement has not damped Defendant's desire to rape and assault. Instead, a consecutive sentence is necessary to protect the community from future violent acts committed by this Defendant. Contrary to the defense's assertions, Defendant's threats to the victim were in no way empty—he has committed exactly that type of offense in the past and he knew the victim was keenly aware of those details. Defendant's letter was meant to terrorize the victim and to keep her in fear of what would happen when the day arrived that Defendant was finally free to act on his brutal fantasies. Mailing the threat was especially brazen given it was sent from prison, with no real attempts to hide his identity, and included his DNA. He knew his crime would come to light and subject him to more punishment, and yet he did it anyway. Nothing matters more than Defendant finding some

way—any way—to continue his extensive history of violence. The only way to protect the public from that violence is to continue to incarcerate Defendant and provide him with the exact type of services defense says have been helping him to come to terms with his depravity. Moreover, the requested sentence adequately reflects the seriousness of the offense and promotes respect for the law.

### III.   CONCLUSION

The government requests that the Court sentence Defendant to 41 months' imprisonment, consecutive to all other sentences, followed by three years of supervised release.

Respectfully submitted this 1st day of December, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Christine D. Keller*
CHRISTINE D. KELLER
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing. I hereby certify that on this same date, I served the attached document by electronic mail, on the following, who may or may not be registered participants of the CM/ECF System: Thomas Scott Hartzell.

*s/ Theresa Hanson*
United States Attorney's Office